**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ARIEL BAREL,** | |
| Plaintiff, | **Civil Action No. 19-16054 (ES) (MAH)** |
| v. | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** | **OPINION** |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is appellee Federal National Mortgage Association's ("Appellee") motion to dismiss *pro se* appellant Ariel Barel's ("Appellant") appeal of an order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"). (D.E. No. 13 ("Motion")). The Bankruptcy Court denied Appellant's motion to enforce automatic stay and granted Appellee's in rem motion for relief from automatic stay, concluding that it lacked subject matter jurisdiction over the property in question. (*See* D.E. No. 11-4 at 22–45, July 30, 2019 Bankruptcy Court Transcript ("Bankr. Ct. Tr.") at 19:8–20:9).[1] Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); *see also* L. Civ. R. 78.1(b). As set forth below, the Court DENIES Appellee's Motion.

**I.      Factual and Procedural History**

On November 26, 2014, following Appellant's default on mortgage payments on real

---

[1] Appellant attaches transcripts of three proceedings before the Bankruptcy Courts: the April 4, 2019 transcript, the July 16, 2019 transcript, and the July 30, 2019 transcript. (D.E. No. 11-4). This opinion references only the July 30, 2019 transcript. Unless otherwise stated, references to the July 30, 2019 transcript refer to the page and line numbers as shown in the document.

1

property located at 114 Warbler Drive, Wayne, NJ 07470 (the "Property"), mortgagee Ditech Financial LLC[2] filed a foreclosure action in the New Jersey Superior Court, Chancery Division, Passaic County ("Superior Court"). (D.E. No. 13-2 ("Appellee Mov. Br.") at 4). Following extensive litigation, the Superior Court entered a final judgement in the foreclosure action in the amount of $508,224.35. (*See* D.E. No. 11-1 at 23–24). The Superior Court scheduled a sheriff's sale for March 27, 2019, but later adjourned it to April 10, 2018, and again to April 24, 2018, because Appellant exercised his statutory right to adjourn the sheriff's sale. (*See* Appellee Mov. Br. at 6). On May 29, 2018, Ditech Financial LLC purchased the Property at the sheriff's sale. (*See* D.E. No. 11-1 at 19). The next day, Ditech Financial LLC assigned its successful bid to Appellee. (Appellee Mov. Br. at 6). Appellee recorded the sheriff's deed to the Property on June 28, 2018, in Passaic County. (*Id.* at 6–7).

On January 23, 2019, Appellant filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court, which triggered automatic stay protection of the Property pursuant to 11 U.S.C. § 362(a). (*See* Appellant Appeal Br. at 4). Eight days later, Appellee filed a motion for in rem relief with the Bankruptcy Court, seeking relief from the automatic stay. (*Id.*; *see also* Appellee Mov. Br. at 7). While Appellee's motion was pending, on June 6, 2019, Appellant filed a motion for an injunction or an order to enforce the automatic stay with the Bankruptcy Court. (Appellant Appeal Br. at 6). In a consolidated hearing on July 30, 2019, the Bankruptcy Court denied Appellant's motion and granted Appellee the requested relief from the automatic stay. (*See* Bankr. Ct. Tr. at 19:5–6). Specifically, the bankruptcy judge concluded that it lacked jurisdiction over the Property, because, at the time of Chapter 7 filing, the Property was sold through sheriff's sale and, therefore, not a part of the bankruptcy estate. (Appellee Mov. Br. at 8–9; *see also* Bankr. Ct.

---

[2]    Ditech Financial LLC is formerly known as Green Tree Servicing LLC. (*See* Appellee Mov. Br. at 5).

Tr. at 19:6–10). On the same day of the Bankruptcy Court issued its decision, Appellant filed this appeal. (*See* D.E. No. 1 at 1; Appellant Appeal Br. at 1; Appellee Mov. Br. at 7).

Appellee now moves to dismiss Appellant's appeal for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), failure to timely file designation of record, and mootness. (Appellee Mov. Br. at 11 & D.E. No. 18 ("Appellee Reply Br.") at 2–5).

## II.     Legal Standard

Federal courts have limited jurisdiction and may adjudicate cases and controversies only as permitted under Article III of the Constitution. *See* U.S. CONST. art. III § 2. "Federal question jurisdiction exists if the action 'arises under' the 'Constitution, laws, or treaties of the United States.'" *United Jersey Banks v. Parell*, 783 F.2d 360, 365 (3d Cir. 1986) (quoting 28 U.S.C. § 1331). Under 28 U.S.C. § 158(a)(1), district courts of the United States have jurisdiction to hear appeals [] from "final judgments, orders, and decrees" of bankruptcy judges. *See also* Fed. R. Bankr. P. 8003(a)(1). On appeal, the district court must "review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *See In re United Health Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130–31 (3d Cir. 1998). If required, the district court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992) (quoting *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989).

## III.    Discussion

### A.     Failure to File Designation of Record

Appellees argue that this appeal warrants dismissal solely on procedural grounds,

specifically because "Appellant failed to timely file his Designation of Record on Appeal." (*See* Appellee Reply Br. at 5). Under Federal Rule of Bankruptcy Procedure 8009(a)(1), an appellant must "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 14 days after filing a Notice of Appeal from an order of the Bankruptcy Court. If an appellant fails to do so, "district courts are permitted to dismiss bankruptcy appeals when appellants fail to comply with Rule 8009(a)(1)." *In re Lawson*, 774 Fed. App'x 58, 59 (3d Cir. 2019) (citing Fed. R. Bankr. P. 8003(a)(2)). However, "[n]ot every failure to follow procedural rules mandates dismissal of the appeal." *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983) (citations omitted). The Third Circuit has "repeatedly stated [the] preference that cases be disposed of on the merits whenever practicable." *Lawson*, 774 Fed. App'x at 59 (citation omitted).

In *In re Lawson*, like here, the debtor-appellant sought appellate review of an order from the Bankruptcy Court granting the creditor-appellee relief from automatic stay. *Id.* The district court dismissed the appellant's appeal pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1)(A) because the appellant failed to timely file his designation of record. *Id.* In vacating the district court's dismissal and remanding the case, the Third Circuit requested that the district court "identify on the record why dismissal, *and not some lesser sanction*, was appropriate in this particular case." *Id.* at 60 (emphasis added); *see also Jewelcor Inc. v. Asia Commercial Co.*, 11 F.3d 394, 397 (3d Cir. 1993) (stressing that the district court must consider less severe sanctions before dismissal upon procedural grounds alone). Further, the Third Circuit noted that failing to provide Lawson with "an opportunity to respond" to his failure to comply with Bankruptcy Rule 8009(a)(1) provided an additional reason that dismissal solely on procedural grounds was inadequate. *In re Lawson*, 774 Fed. App'x at 60 n.2 (citation omitted).

Here, Appellee has proposed no such lesser sanction, and this Court finds none. Nor has Appellee provided any justification for why dismissal is the proper sanction. Moreover, Appellee argues for dismissal of the appeal on procedural grounds for the first time in the last paragraph of its reply brief, leaving Appellant with no opportunity to respond. (*See* Appellee Reply Br. at 5). Without more, Appellee fails to persuade this Court that dismissal, "and not some lesser sanction," is proper. *See In re Lawson*, 774 Fed. App'x at 59. The Court thus declines to dismiss the appeal based on Appellant's failure to timely file a designation of record.

**B.     Subject Matter Jurisdiction**

As an initial matter, Appellee's motion to dismiss for lack of subject matter jurisdiction is based on entirely wrong standards. Appellee initially sought to dismiss the appeal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Appellee Mov. Br. at 1). Subsequently in its reply brief, Appellee seemingly withdrew its arguments based on Rule 12(b)(6) and appears to challenge the Court's subject matter jurisdiction under Rule 12(b)(1). (*See* Appellee Reply Br. at 1 n.1 ("Appellee inadvertently also made reference to Federal Rule of Civil Procedure 12(b)(6) in its initial Motion to Dismiss and Brief.")). However, Rule 12(b)(1) provides for dismissal of a claim where the court lacks *original jurisdiction*. Fed. R. Civ. P. 12(b)(1); *see also Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (stating that a Rule 12(b)(1) motion either attacks "the *complaint* on its face" or attacks "allegations underlying the assertion of jurisdiction in the *complaint*") (emphasis added); *Reid v. Bruce Seville*, No. 96-2577, 1996 WL 421901 (Jul. 19, 1996 E.D. Pa). Thus, Rule 12(b)(1) is not the proper vehicle for Appellee to mount its attack on the Court's appellate jurisdiction.[3]

---

[3] Similarly, a motion to dismiss an appeal is not properly raised under Rule 12(b)(6) because "[a] motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a *claim*." *Mann v. Brenner*, 375 Fed. App'x. 232, 239 (3d Cir. 2010).

5

Thus, Appellee's motion to dismiss is apparently premised upon an erroneous legal standard. Appellee essentially argues that "because the subject property never became a part of the Bankruptcy estate," the Bankruptcy Court lacked jurisdiction and, in turn, this Court lacks "subject matter jurisdiction to hear this Appeal." (*See* Appellee Reply Br. at 2). Additionally, Appellee alleges that the *Rooker-Feldman* doctrine acts to strip this Court of subject matter jurisdiction over Appellant's appeal. (*See* Appellee Mov. Br. at 13; Appellee Reply Br. at 3). The Court finds that Appellee completely fails to distinguish between the subject matter jurisdiction analysis applicable to the Bankruptcy Court and this Court's power to review the Bankruptcy Court's order finding that it lacked jurisdiction. Nevertheless, the Court endeavors to evaluate Appellee's argument using the proper standards of appellate review.

Pursuant to 28 U.S.C. § 158(a)(1), district courts enjoy the power to exercise appellate review over a decision of the bankruptcy court. *In re Christ Hosp.*, No. 14-472, 2014 WL 4613316, at *1 (D.N.J. Sept. 12, 2014). When sitting as an appellate court reviewing a decision of a bankruptcy court, a district court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *Mullen v. T.D. Bank, N.A.*, No. 12-4913, 2013 WL 885392, at *2 (D.N.J. Mar. 8, 2013) (quoting *Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys. v. State of N.J. DOL*, 396 F.3d 247, 249 (3d Cir. 2005)). "The district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." *Id.* (citing Fed. R. Bankr. P. 8013).

Courts, including appellate courts, "have an independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514. Indeed, "every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but

6

also that of the lower courts in a case under review." *In re Knapper*, 407 F. 3d 573, 579 (3d Cir. 2005). District courts thus routinely review and repeatedly affirm bankruptcy courts' holding that the lower courts do or do not have subject matter jurisdiction. *See In re G-I Holdings, Inc.*, 318 B.R. 66, 69 (D.N.J. 2004), *aff'd sub nom. In re GI Holdings, Inc.*, 122 Fed. App'x 554 (3d Cir. 2004) (affirming the bankruptcy court's determination that it lacked subject matter jurisdiction); *cf. In re B.S. Livingston & Co., Inc.*, 186 B.R. 841, 849 (D.N.J. 1995) (affirming the bankruptcy court's finding that it had subject matter jurisdiction). This is because "[t]he existence of subject matter jurisdiction is a question of law . . .," and a district court sitting in an appellate capacity over a bankruptcy court's decision has plenary review over questions of law reached by the lower court. *See Hill v. Dobin,* 358 B.R. 130, 133 (D.N.J. 2006); *Connors v. Tremont Min. Co.*, 835 F.2d 1028, 1029 (3d Cir. 1987).

Similarly, decisions reached by the bankruptcy court concerning which assets fall within the bankruptcy estate are also questions of law subject to review by district courts. *Hill*, 358 B.R. at 132; *see also In re Cordova,* 500 B.R. 701, 706 (D.N.J. 2013) (affirming the bankruptcy court's finding that certain property was not "part of the estate" at the time of a Chapter 7 filing, and thus the court lacked subject matter jurisdiction over the asset). Finally, district courts, as well as the Third Circuit, routinely review bankruptcy courts' application of the *Rooker-Feldman* doctrine. *See, e.g.*, *In re Knapper*, 407 F.3d 573, 578 n.8 & 582 (3d Cir. 2005) (stating that, "in reviewing the bankruptcy court's determinations," the Third Circuit exercises the same standard of review as the district courts).

Here, the issue before the Court fall squarely within the purview of this Court's appellate jurisdiction. Specifically, before the Court is the Bankruptcy Court's holding that it lacked subject matter jurisdiction over the Property because "the deed [to the Property] was transferred pre-

petition and [thus,] it wasn't property of the estate." (Bankr. Ct. Tr. at 23:6). In so holding, the Bankruptcy Court referenced the *Rooker-Feldman* doctrine and emphasized that it is "not an appellate court to the State Courts of New Jersey." (*See* Bankr. Ct. Tr. at 19:18–20:4); *see also Knapper*, 407 F.3d at 580 ("[t]he *Rooker-Feldman* doctrine prevents 'inferior' federal courts from sitting as appellate courts for state court judgments."). As set forth above, this Court has appellate jurisdiction to review this determination. *See* 28 U.S.C. § 158(a)(1); 11 U.S.C. § 541(a)(1); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 167 (3d Cir. 2010) (holding that while *Rooker-Feldman* barred some of plaintiff's arguments on appeal, subject matter jurisdiction is an "independent" issue over which federal courts have a sovereign obligation to satisfy and thereby is subject to appellate review).[4]

## IV. Conclusion

For the foregoing reasons, Appellee's motion to dismiss this appeal is DENIED. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[4] In a footnote in its reply brief, Appellee also contends, without elaborating, that because Appellant has been evicted from the Property subsequent to the initiation of the bankruptcy petition, Appellant's appeal should also be dismissed as moot. (*See* Appellee Reply Br. at 3 n.2). The mootness doctrine is centrally concerned with a court's ability to grant effective relief: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). However, Appellant seeks to overturn the Bankruptcy Court's order lifting the automatic stay, and, to the extent that the Court disagrees with the Bankruptcy Court as to whether the Property was part of the bankruptcy estate, Appellant may still be afforded relief despite his eviction. Thus, the Court rejects Appellee's argument that Appellant's claim may be dismissed as moot.