UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARIEL BAREL,<br><br>                        *Plaintiff-Appellant*,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOC.,<br><br>                        *Defendant-Appellee*. | Civil Action No:<br>3:19-cv-16054 (PGS)<br><br>**MEMORANDUM** |

      This matter comes before the Court on four consolidated appeals; 3:19-16054, 3:20-00488, 3:20-00501, 3:20-10695; (collectively, "Bankruptcy Appeals") by pro se Appellant Ariel Barel, which all stem from the same underlying Chapter 7 Bankruptcy action, *In re Ariel Barel*, Bankruptcy Case No. 19-11416. Barel appeals three dismissals of adversary complaints, two against Appellee Federal National Mortgage Association ("Fannie Mae"), Adversary Case Nos. 19-02057 and 19-02137; and one against Appellees Phelan Hallinan Diamond & Jones PC (the "Phelan firm"), a law firm that represented Fannie Mae, and its attorney Brian V. Fishman, Adversary Case No. 19-02056. Barel also appeals an order from the Bankruptcy Court denying Barel's motion for an injunction to enforce an automatic stay as to Fannie Mae; and the Bankruptcy Court granting Fannie Mae's opposing motion to lift the automatic stay. (Bankr. ECF Nos. 54, 55.) The Court heard oral argument on March 9, 2021. For the reasons expressed herein, Barel's Bankruptcy Appeals are dismissed.

I.      **Factual and Procedural History**

On March 8, 2006, Karen Barel executed to Atlantic Stewardship Bank a note to secure the sum of $255,000 with an interest rate of 6.25% per annum. Karen Barel and Ariel Barel also executed and delivered a mortgage to secure the note on the real property located at 114 Warbler Drive, Wayne, NJ 07470 (the "Property"). (Fannie Mae Motion to Dismiss Br. at 4; ECF No. 12.)

On January 1, 2009, the Barels defaulted on their monthly mortgage payments. (*Id.*) On November 26, 2014, Ditech Financial LLC ("Ditech") filed a foreclosure action in the New Jersey Superior Court, Chancery Division, Passaic County. (Fannie Mae Br. at 1; ECF No. 32.) After protracted litigation, including a series of counterclaims and third-party claims, the matter proceeded to trial. On January 17, 2018, the Superior Court entered a final judgment in the foreclosure action in the amount of $508,224.35. The judgment was affirmed by the Appellate Division and the New Jersey Supreme Court. *Ditech Fin., LLC v. Barel*, No. A-2922-17T1, 2019 WL 4440120, at *1 (App. Div. Sept. 17, 2019), *cert. denied*, 241 N.J. 18, 224 A.3d 264 (2020).

After numerous adjournments at Barel's behest, the Superior Court conducted a sheriff's sale. Apparently, there was no active bidding because of the debt on the Property and it was sold to Ditech for $100, who assigned its successful bid to Fannie Mae. A Sheriff's Deed was executed on June 11, 2018 and recorded on June 26, 2018, making Fannie Mae the owner of the property free and clear of all liens and interests. (Sheriff's Deed; Fannie Mae Motion to Dismiss Br. Ex. P.)

On December 26, 2018, Barel filed a complaint in federal court against the state court judge, the clerk of the court, the sheriff and Fishman, who is also a defendant here, claiming that his property was taken without due process. *Barel v. Judiciary Courts of New Jersey*, No. 18-cv-

17567-SDW-LDW, 2020 WL 603993, at *1 (D.N.J. Feb. 7, 2020), *aff'd*, 834 F. App'x 763 (3d Cir. 2020). The district court dismissed the complaint based on the Rooker-Feldman doctrine and immunity grounds. The Third Circuit affirmed, dismissing the claim against Fishman for frivolousness. *Barel v. Office of Clerk of Superior Court of New Jersey*, 834 F. App'x 763 (3d Cir. 2020).

On January 23, 2019, Barel filed a voluntary Chapter 7 bankruptcy petition in the Bankruptcy Court, which triggered automatic stay protection of the Property pursuant to 11 U.S.C. § 362(a). Eight days later, Fannie Mae filed a motion for in rem relief with the Bankruptcy Court, seeking relief from the automatic stay. (Bankr. ECF No. 12). While Fannie Mae's motion was pending, on June 6, 2019, Barel filed a motion for an injunction or an order to enforce the automatic stay with the Bankruptcy Court. (Bankr. ECF No. 42.) On April 18, 2019, Barel was discharged from bankruptcy. (Bankr. ECF No. 33.)

Meanwhile, in state court, the Phelan firm obtained a Writ of Possession for the Property. The Passaic County Sheriff's Office issued an Eviction (or ejectment) Notice that Barel was to vacate the premises by July 31, 2019.[1] (Writ of Possession and Eviction Notice, Bankr. ECF No. 42-1, Annex A.)

On July 22, 2019, Barel filed two adversary complaints, one against the Phelan firm and Fishman (Adv. Case No. 19-2056, Bankr. ECF No. 47), and one against Fannie Mae (Adv. Case No. 19-2057, Bankr. ECF No. 48). On September 12, 2019, Barel filed another adversary complaint against Fannie Mae. (Adv. Case No. 19-2137, Bankr. ECF No. 71.) All of Barel's arguments center around alleged fraud in the sale of the Property, which was extensively litigated in state court and conducted well before Barel filed for bankruptcy.

---

[1] A Writ of Possession was first obtained on September 18, 2018, prior to the bankruptcy petition.

3

In a hearing on January 7, 2020, the Bankruptcy Court denied Barel's motion and granted Fannie Mae the requested relief from the automatic stay. (*See* Bankr. ECF No. 76; Bankr. Tr. at 24:10 and 26:1-9.) Specifically, Judge Sherwood stated, "I have found that [the Property] is not property of the estate because the deed was passed six months before you filed." (Bankr. Tr. at 24:2-4.) The ruling also dismissed two of the adversary complaints, 19-2056 and 19-2137. On July 26, 2020, Judge Sherwood dismissed the final adversary complaint based on certifications submitted from Fannie Mae, which included the Sheriff's Deed and other particular exhibits on the sale of the Property. Barel appealed.

## II. Legal Standard

Under 28 U.S.C. § 158(a)(1), district courts of the United States have jurisdiction to hear appeals from "final judgments, orders, and decrees" of bankruptcy judges. *See also* Fed. R. Bankr. P. 8003(a)(1). On appeal, the district court must "review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *See In re United Health Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130–31 (3d Cir. 1998)). If required, the district court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992) (quoting *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989)).

## III. Discussion

The state court proceeding foreclosing on the Property and the Sheriff's Deed conveying the Property to Fannie Mae show that the Bankruptcy Court did not err in dismissing Barel's adversary complaints and granting the motion for relief from the automatic stay. The Property was not an asset of Barel's bankruptcy estate.

"Section 541 of the Bankruptcy Code enumerates the types of property interests that are included in property of the estate and thus the property that is protected by the automatic stay of section 362." *In re St. Clair*, 251 B.R. 660, 664 (D.N.J. 2000), *aff'd*, 281 F.3d 224 (3d Cir. 2001) (quotation marks omitted). "[A] debtor's possession of a tenancy at sufferance creates a property interest as defined under Section 541, and is protected by Section 362 of the Bankruptcy Code. The language of Section 362 makes clear that mere possession of property at the time of filing is sufficient to invoke the protections of the automatic stay." *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990). However, a debtor's interest in real property is defined by state law. *In re St. Clair*, 251 B.R. at 665.

Under New Jersey law, a debtor's right and title to real property is extinguished upon delivery of a sheriff's deed to the purchaser or until an order confirming the sale is entered. *Id.* Against the true owner, the possessor has no rights except those of a trespasser; *Id.* at 665, n.3.; or as Judge Sherwood described, "a naked possessory interest. . . ." (*See* Bankr. ECF No. 67; Bankr. Tr. at 10:5-6.) The word "possession" as used in section 362 has been interpreted to mean a "good-faith colorable claim to possession." *Id.* at 666.

Here, Barel does not have a good-faith colorable claim to possession of the Property, and it therefore was never property of the bankruptcy estate. The Sheriff's Sale took place on May 29, 2018 and the Sheriff's Deed was executed on June 11, 2018. Over seven months after the execution of the deed, on January 23, 2019, Barel filed the Chapter 7 bankruptcy petition. Barel cannot put forth a colorable claim to possession.

Moreover, Barel was discharged from bankruptcy on April 18, 2019. Fannie Mae obtained a Writ of Possession from the state court and an Eviction Notice from the sheriff *after* discharge. "[T]he stay of any other act under subsection (a) of this section continues until the

5

earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied. . . ." 11 U.S.C. § 362(c)(2).  Barel being an individual under Chapter 7, is subject to subsection (C). The complained of conduct by Barel occurred after the automatic stay was no longer in effect and its protections lifted.

    The Bankruptcy Court was correct in finding that the Property was not part of the bankruptcy estate, and was especially lenient in allowing time for discharge before Barel was ejected from the property. The Bankruptcy Appeals are dismissed.

s/*Peter G. Sheridan*<br>PETER G. SHERIDAN, U.S.D.J.

March 30, 2021

6