BLD-271                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1849
_____

In re: ARIEL BAREL,
                          Appellant

ARIEL BAREL

v.

PHELAN HALLINAN DIAMOND & JONES, PC; BRIAN V. FISHMAN

ARIEL BAREL

v.

FANNIE MAE, a/k/a Federal National Mortgage

ARIEL BAREL

v.

FEDERAL NATIONAL MORTGAGE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-16054)
District Judge: Honorable Peter G. Sheridan
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 16, 2021

Before: AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: September 21, 2021)
_____

OPINION[*]
_____

PER CURIAM

Ariel Barel, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey dismissing four consolidated appeals from orders of the United States Bankruptcy Court. Because this appeal presents no substantial question, we will grant appellees' motion to summarily affirm the District Court's judgment.[1]

Barel and his then-wife executed a non-purchase money mortgage affecting real property located in Wayne, New Jersey ("the property"). The Barels defaulted on their mortgage payments and Ditech Financial LLC, represented by PHDJ, obtained a foreclosure judgment in New Jersey Superior Court in January 2018 for over $500,000. See Ditech Fin., LLC v. Barel, No. A-2922-17T1, 2019 WL 4440120, at *1 (N.J. Super. Ct. App. Div. Sept. 17, 2019). In May 2018, the property was sold at sheriff's sale for $100 to Ditech, who immediately assigned its bid to Fannie Mae.[2] A sheriff's deed conveying the property to Fannie Mae was recorded on June 26, 2018.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Appellee Phelan Hallinan Diamond & Jones, PC ("PHDJ"), a law firm for Appellee Federal National Mortgage Association ("Fannie Mae"), and Appellee Brian v. Fishman, an attorney with PHDJ, filed the motion for summary action. We grant Fannie Mae's letter-request to join the motion for summary action.

[2] Barel brought suit against the Superior Court judge who presided over the foreclosure action, the state court Clerk, the sheriff who conducted the sale, and his opposing counsel

2

In January 2019, a day before a scheduled eviction, Barel filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 et seq. Fannie Mae immediately sought in rem relief from the automatic stay in bankruptcy, 11 U.S.C. § 362(a). Barel was discharged from bankruptcy in April 2019. On May 22, 2019, the Bankruptcy Court entered an order approving the Chapter 7 Trustee's abandonment of the real property. That same day, in the Superior Court of New Jersey, Fannie Mae filed a writ of possession of the property. On July 30, 2019, the Bankruptcy Court denied Barel's motion for an injunction or for an order enforcing the automatic stay.[3] Barel was evicted from the property in October 2019.

Barel filed an adversary proceeding against PHDJ and Fishman, and, separately, against Fannie Mae, arguing that the defendants violated the automatic stay by filing and executing the writ of possession against the property. In January 2020, the Bankruptcy Court held a hearing and dismissed those complaints after concluding that there was no violation of the automatic stay. The Bankruptcy Court subsequently dismissed a second adversary proceeding against Fannie Mae in which Barel challenged its interest in the property. Barel appealed to the District Court from the Bankruptcy Court's July 2019 order and its orders dismissing his three adversary complaints. The District Court

---

in that action, alleging violations of due process. The District Court dismissed the action, and we affirmed. See Barel v. Office of Clerk of Super. Ct. of N.J., 834 F. App'x 763, 765-66 (3d Cir. 2020).

[3] Barel was evicted from the property on October 18, 2019.

3

consolidated and dismissed the appeals. Barel appeals from the District Court's judgment.

We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. "On an appeal from a bankruptcy case, our review duplicates that of the district court and view[s] the bankruptcy court decision unfettered by the district court's determination." In re Orton, 687 F.3d 612, 614-15 (3d Cir. 2012) (internal quotation and citation omitted). Thus, we review the Bankruptcy Court's findings of fact for clear error and its legal conclusions de novo. Id. at 615.

The filing of a bankruptcy petition triggers an automatic stay which operates to prevent creditors from taking "any act to obtain possession of property of the estate." 11 U.S.C. § 362(a)(3). The property of the estate is comprised of "all legal and equitable interests of the debtor as of the commencement of the case." 11 U.S.C. § 541(a)(1). What constitutes a property interest is defined by state law. See Butner v. United States, 440 U.S. 48, 54-55 (1979).

We agree with the Bankruptcy Court's conclusion, affirmed by the District Court, that Fannie Mae was the owner of the property at the time Barel filed for bankruptcy protection and, therefore, the property did not become part of the bankruptcy estate.[4] See St. Clair v. Beneficial Mortg. Co. (In re St. Clair), 251 B.R. 660, 665 (D.N.J. 2000) (recognizing that, under New Jersey law, "the debtor's right and title to the Property . . .

---

[4] Contrary to Barel's argument on appeal, the Trustee did not acknowledge that the property was part of the estate by abandoning it. As the Bankruptcy Court noted, the Trustee abandoned the property only because Barel had listed it on his property schedule. See ECF No. 28-2 at 33-34.

is extinguished upon delivery of a sheriff's deed to the purchaser"), aff'd, St. Clair v. Wood, 281 F.3d 224 (3d Cir. 2001).  The District Court determined that, to the extent that Barel had a possessory interest in the property, it was insufficient to trigger the protections of the automatic stay.  See In re Atl. Bus. & Cmty. Corp., 901 F.2d 325, 328 (3d Cir. 1990) (holding that "a possessory interest in real property is within the ambit" of the bankruptcy estate and protected by the automatic stay); see also St. Clair, 251 B.R. at 667 (distinguishing Atlantic Business and holding that the automatic stay protects a possessory interest only when the "debtor-in-possession has a good-faith colorable claim to possession or control of the property").  Regardless, the automatic stay expires by operation of law upon discharge as to acts against the property of the debtor.  See 11 U.S.C. § 362(c)(2)(C).  Therefore, as the Bankruptcy Court concluded, even assuming that Barel had a cognizable possessory interest in the property, there was no violation of the automatic stay because the writ of possession was secured after Barel was granted a Chapter 7 discharge.

For the foregoing reasons, we conclude that this appeal presents no substantial question.  See I.O.P. 10.6.  Accordingly, we grant appellees' motion for summary action and will affirm the District Court's judgment.